IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
TRAVELERS CASUALTY AND SURETY    )
COMPANY OF AMERICA,              )   2:08-cv-00369-GEB-EFB
                                 )
            Plaintiff,           )
       v.                        )   ORDER[1]
                                 )
RBC CENTURA BANK,                )
                                 )
            Defendant.           )
                                 )
```

Defendant moves to dismiss Plaintiff's conversion claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff opposes the motion. For the following reasons, the motion is denied.

## I. Background

Plaintiff and Defendant entered into two Set Aside Agreements concerning residential construction projects in two California communities. (Mot. at 3:2-3.) Plaintiff executed certain bonds to ensure the completion of the subdivision improvements (the "Improvements") for the projects. (Id. at 3:4-5.)

---

[1] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  Plaintiff alleges that "in consideration of the execution by
2 Plaintiff of bonds . . . , Defendant agreed to set aside amounts in
3 certain loans . . . for the Improvements secured by Plaintiff's bonds
4 (the "Set Aside Funds")." (Compl. ¶ 7.)  Plaintiff further alleges
5 "Defendant agreed that if [either Borrower] failed to complete or pay
6 for the Improvements, then Defendant would make available for
7 disbursement to Plaintiff the [] balance of the Set Aside Funds" for
8 that Borrower.  (Id. ¶ 10.)
9  Plaintiff alleges the Borrowers defaulted and Defendant is
10 now required to disburse to Plaintiff the balance of the Set Aside
11 Funds, which totals $6,440,317.74.  (Id. ¶¶ 9, 10, 15, 33.) Plaintiff
12 further alleges it requested Defendant to disburse funds, but
13 Defendant "has failed to, and continues to fail to, disburse [the
14 funds] . . . ."  (Id. ¶¶ 19, 31, 32.) Plaintiff alleges Defendant has
15 "wrongfully converted to its own use the . . . balance of [the] Set
16 Aside Funds . . . ."  (Id. ¶ 35.)

## II. Standards Governing Motion to Dismiss

18  Dismissal is appropriate under Rule 12(b)(6) if Plaintiff's
19 conversion claim fails to present a cognizable legal theory, or
20 sufficient facts to support the claim. Robertson v. Dean Witter
21 Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).  When
22 considering a dismissal motion, "[a]ll allegations of material fact
23 [in the Complaint] are taken as true and construed in the light most
24 favorable to [Plaintiff]." Cahill v. Liberty Mut. Ins. Co., 80 F.3d
25 336, 337-38 (9th Cir. 1996).  In addition, Plaintiff is given the
26 benefit of every reasonable inference that can be drawn from the
27 allegations in its complaint. Retail Clerks Int'l Ass'n, Local 1625
28 v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).

## III. Conversion

Defendant contends Plaintiff's conversion claim must be dismissed because "Plaintiff fails to satisfy any of the elements of [a] conversion claim." (Mot. at 5:1-2.) Plaintiff counters it has pled a conversion claim, by alleging "it has a right to possess the Set-Aside Funds in an amount to be utilized to pay for and complete certain improvements." Opp. At 3:13-15. "The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." Spates v. Dameron Hospital Ass'n, 114 Cal. App. 4th 208, 221 (2003).

### A. Right to Possession

Defendant argues that Plaintiff's conversion claim fails as a matter of law because Plaintiff has "never had possession of or title to" the funds Plaintiff requests. (Mot. at 2:17.)  It is sufficient for Plaintiff to allege that it "was entitled to immediate possession" of the property "at the time of conversion." Spates, 114 Cal. App. 4th at 222. Plaintiff's allegations support drawing the reasonable inference that under the agreements, it was entitled to immediate possession of the Set Aside Funds needed to complete or pay for the Improvements after the Borrowers defaulted.

### B. Wrongful Act

Defendant argues that Plaintiff's conversion claim fails because "Plaintiff only alleges that [Defendant] has *failed* to take some action," but a "[c]onversion requires an *affirmative action* to deprive another of property, not lack of action." (Mot. at 6:6-10 (citing Spates v. Dameron Hospital Ass'n, 114 Cal. App. 4th 208, 222 (2003)(emphasis added)).) Plaintiff argues its allegations satisfy

3

this element since the conditions to Plaintiff's possession of the Set Aside Funds have been met, but Defendant will not disburse to it the funds. (Opp'n at 3:23-25, 6:16-17; see <u>Mears v. Crocker First Nat. Bank of S.F.</u>, 84 Cal. App. 2d 637, 644 (1948)("'[W]here a corporation refuses to allow a transfer of shares upon its books, the assignee may treat this as a conversion of his shares and sue the company for their value.'") (quoting <u>Ralston v. Bank of Cal.</u>, 112 Cal. 208, 213 (1896).) Plaintiff has sufficiently alleged a "wrongful act" for purposes of a conversion claim.

### C. Damages

Defendant argues Plaintiff's conversion claim fails because Plaintiff has not pled a specific amount of money that has allegedly been converted. (Mot. at 6:16-17.) "Money can be the subject of an action for conversion if a specific sum capable of identification is involved." <u>Farmers Ins. Exch. v. Zerin</u>, 53 Cal. App. 4th 445, 452 (1997). Although Plaintiff alleges Defendant's conversion has caused "damages . . . in an amount to be proved at trial," Plaintiff also alleges it is entitled to the undisbursed balance of the Set Aside Funds, which totals $6,440,317.74. (Compl. ¶¶ 9, 10, 33, 36.) This allegation sufficiently alleges a sum capable of identification.[2]

### D. Breach of Contract Claim

Finally, Defendant argues since Plaintiff's first claim is for breach of contract, Plaintiff's conversion claim fails because

---

[2] Defendant also contends Plaintiff "improperly" demands all of the unadvanced Set Aside Funds because, if anything, Plaintiff could only recover funds in the amount it has "actually paid out in claims." (Mot. at 1:26-2:3.) This argument is disregarded since it does not provide a reason for dismissal of Plaintiff's conversion claim.

4

"California law does not allow a conversion claim to be joined with a breach of contract claim when both claims arise out of alleged nonperformance under the contract." (Mot. at 2:24-26, 7:5-17 (citing Kronsberg v. Wershow, 238 Cal. App. 2d 170 (1965)).) Kronsberg upheld dismissal of a conversion claim because it contradicted the terms of the contract attached to the complaint. Here, it has not been shown that the allegations in the Complaint are inconsistent with the agreements.  Further, Rule 8(e)(2) authorizes Plaintiff to plead alternate theories of liability.

### IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is denied.

Dated: April 28, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

5