IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVELERS CASUALTY AND SURETY    )
COMPANY OF AMERICA,              )
                                 )
              Plaintiff,         )    2:08-cv-00369-GEB-EFB
                                 )
         v.                      )    ORDER[*]
                                 )
RBC CENTURA BANK,                )
                                 )
              Defendant.         )
_____)

On September 8, 2009 the parties filed a stipulation and proposed dismissal order in which Plaintiff dismisses all claims in this action *without prejudice*.  (Stipulation 1:19-23.)  The parties state this dismissal is subject to agreed-upon conditions in their settlement agreements, and that they have entered into at least two settlement agreements containing provisions in the proposed dismissal order they have submitted for judicial signature. However, the parties fail to explain why the federal court should issue an order addressing matters that the parties' represent are embodied in their settlement agreements.  Since settlement agreements are generally considered to

_____

[*]    This matter was determined to be suitable for decision without oral argument.  E.D. Cal. R. 78-230(h).

be contracts, the parties' have not shown a judicial decision on the referenced matters is necessary. <u>Jessup v. Luther</u>,277 F.3d 926, 929 (7th Cir. 2002)(stating a "settlement is just another contract to be enforced in the usual way, that is, by a fresh suit.").

Further, the parties also ask the court through their proposed dismissal order to find "good cause" justifying their requested conditional dismissal order. (Proposed Order 2:17.) However, the parties fail to explain what is meant by the term "good cause," and whether facts support their requested "good cause" finding.

"[T]he mere fact that the parties agree [to an order conditionally dismissing this case] is not binding on the court." <u>Arata v. Nu Skin Int'l Inc.</u>, 96 F.3d 1265, 1269 (9th Cir. 1996). However, since the parties have stipulated that the action be dismissed without prejudice, this action is dismissed without prejudice. <u>See</u> <u>Oswalt v. Scripto, Inc.</u>, 616 F.2d 191, 195 (5th Cir. 1980) (stating a court need not be "deterred from finding a stipulated dismissal by the fact that there is no formal stipulation of dismissal entered in the record by the [parties]" in the situation where the parties' representations are "sufficient to constitute a dismissal under Rule 41(a)(1).").  Therefore, the Clerk of Court shall close this action.

Dated:  September 18, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge